## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV13-03857 JAK (CWx) | Date | July 30, 2013 |
| Title | Federal National Mortgage Association v. Richard E. Cruz, et al. | | |

Present: The Honorable **JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE**

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS) ORDER REMANDING THE ACTION**

On December 24, 2012, the Federal National Mortgage Association ("Plaintiff") brought an Unlawful Detainer action in the Los Angeles County Superior Court in which Richard E. Cruz, Lydia Lopez, Jose Gonzalez, and Jose Martinez were named as defendants ("Defendants"). The action was based on Defendants' alleged failure to comply with a notice to vacate the premises at 724 South Fourth Street in Montebello, California. That notice was served after Plaintiff allegedly purchased the property at a foreclosure sale. Compl. ¶¶ 7, 11, Notice of Removal, Dkt. 1. On May 30, 2013, Defendants removed the action to this Court. Notice of Removal, Dkt. 1.

On July 3, 2013, Plaintiff filed an ex parte application (the "Application") (Dkt. 7) for an order without hearing to remand the case to the Superior Court or, alternatively, for an order shortening the time on the Motion to Remand (Dkt. 6). On July 9, 2013, the Court denied the Application and issued an Order to Show Cause re Subject Matter Jurisdiction (the "OSC"). Dkt. 12. The Court directed the parties to submit memoranda, on or before July 23, 2013, with respect to whether this Court has subject matter jurisdiction over this action. *Id.* Neither party has responded to the OSC.

With respect to subject matter jurisdiction, the Court stated the following in its prior order:

> As a court of limited jurisdiction, see *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine the issue of subject matter jurisdiction before reaching the merits of a case, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Defendants appear to contend that this Court has subject matter jurisdiction under 28 U.S.C. § 1443 and 28 U.S.C. § 1332. Notice of Removal, Dkt. 1.
>
> Removal under 28 U.S.C. § 1443(1) is proper only in those cases in which a defendant is unable to enforce in state court a right to equal protection of the laws. "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. . . . Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV13-03857 JAK (CWx) | Date | July 30, 2013 |
| Title | Federal National Mortgage Association v. Richard E. Cruz, et al. | | |

996, 999 (9th Cir. 2006). Defendants contend that "the rules of evidence and civil procedure are applied without equal protection," but fail to explain this assertion. Defendants have not asserted a right given to them by explicit statutory enactment protecting equal racial civil rights, and they have not adequately alleged why the state courts will not enforce any such right.

Diversity jurisdiction exists only where a civil action is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Complete diversity of citizenship is required: "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Here, Defendants have not provided any showing of the citizenship of themselves or Plaintiff. Moreover, the face of Plaintiff's complaint explicitly states that the amount demanded does not exceed $10,000.

For the foregoing reasons, Defendants have not sufficiently established a basis for subject matter jurisdiction.

*Id.*

As noted, neither party has responded to the OSC. Therefore, Defendants have not established a basis for federal question jurisdiction. For these reasons, the matter is remanded to the Superior Court of California, the County of Los Angeles, East Los Angeles Courthouse, No. 12D00876. The motion to remand filed by Plaintiff is MOOT.

**IT IS SO ORDERED.**

:

Initials of Preparer   IR for ak